IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN HOWELL, | § | |
|     TDCJ-CID #1656785, | § | |
| v. | § | C.A. NO. C-12-229 |
| | § | |
| STEPHEN PAUL CARRIGAN, ET AL. | § | |

## OPINION DISMISSING ACTION FOR LACK OF JURISDICTION

This civil action was filed by a state prisoner regarding a legal malpractice claim against a civil attorney unrelated to his present incarceration.[1]

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted).  Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims against defendants are dismissed without prejudice for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(b)(1), and for lack of subject matter jurisdiction.

---

[1] Upon consent of plaintiff, (D.E. 10), this action was referred to a United States Magistrate Judge to conduct all further pleadings, including entry of final judgment.  (D.E. 11); see also 28 U.S.C. § 636(c).

## I.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division and is currently incarcerated at the Boyd Unit in Teague, Texas.  He filed his original complaint on July 9, 2012, and named as defendants: (1) Stephen Paul Carrigan, a private attorney who previously represented plaintiff in a personal injury action; and (2) the Carrigan Law L.L.P., Mr. Carrigan's law firm.

A Spears[2] hearing was held on August 8, 2012.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

In August 2009 in Corpus Christi, Texas, an employee with the law firm of Herrman & Herrman rear-ended plaintiff's car.  This employee advised plaintiff that Herrman & Herrman could represent him in any related personal injury action.  Plaintiff followed this employee to the law firm and once there, agreed to have Herrman & Herrman represent him, with a one-third contingency fee agreement.

Approximately one week later, Herrman & Herrman informed plaintiff that it could not represent him because it was representing its employee.  Instead, it referred his personal injury case to defendants, Stephen Paul Carrigan and the Carrigan Law Firm.  Plaintiff testified that Herrman & Herrman told him defendants had "been appointed" to represent him and, at that time, he did not know that he had a choice in the matter or could seek other counsel.

Plaintiff's personal injury case was settled for approximately $9,000.  Mr. Carrigan and his law firm took one-third of the settled amount as its fee.  Plaintiff was advised that he also had

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

to pay Herrman & Herrman a "finder's fee."

In July 2010, plaintiff learned that defendants had received a $500 medical reimbursement check, but instead of providing it to him, they delivered the check to a third party. Plaintiff made a demand upon defendants for the $500. In his criminal case, he was represented by attorney Patrick O'Hare, who also requested that defendants return this money to plaintiff.

In September 2010, plaintiff filed a grievance with the State Bar of Texas. In July 2012, the State Bar found that defendants had misappropriated the $500. Defendants reimbursed plaintiff the $500. In addition, defendant Carrigan received a private reprimand from the State Bar.

In this action, plaintiff seeks damages for the eighteen months in which he did not have possession of the $500 in the amount of $2,725 as well as reimbursement of the legal fees paid to the Carrigan Law Firm, plus costs and fees associated with recovering the money.

## II.  DISCUSSION

**A.     The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that

the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.   This Court Lacks Jurisdiction Over Plaintiff's Legal Malpractice Claims.**

The Texas Supreme Court has determined that "[a]n attorney malpractice action in Texas is based on negligence." Cosgrove v. Grimes, 774 S.W.2d 662, 664 (Tex. 1989) (citations omitted). An allegation based on negligence "does not give rise to a claim under federal or constitutional law." Falcetta v. Chapman, 231 F. App'x, 2007 WL 1800601, at *1 (5th Cir. June 19, 2007) (per curiam) (unpublished) (citation omitted) (addressing an inmate's legal malpractice claim); see also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Therefore, this Court does not have federal question jurisdiction.

This Court may have diversity jurisdiction over negligence claims in certain circumstances: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1). The amount that plaintiff seeks to recover is less than the $75,000 threshold. (D.E. 1, at 5). Moreover, the parties are all Texas residents. Id. at 4. In Falcetta, the Fifth Circuit concluded that there was no diversity jurisdiction where an inmate sued his former attorney in federal court when both were Texas residents. 2007 WL 1800601, at *1. Therefore, this Court does not have diversity question jurisdiction and any negligence claim for legal malpractice must be filed in Texas state courts.

### III.  CONCLUSION

For purposes of § 1915A, taking all of plaintiff's claims as true, he fails to allege facts that establish that this Court has jurisdiction over his legal malpractice claim.  Accordingly, this action is dismissed without prejudice for lack of subject matter jurisdiction.

ORDERED this 20th day of August 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE